UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CLIFTON POWELL

PRISONER

v.                                    Case No. 3:01CV2306 (AVC)(TPS)

JOHN ARMSTRONG

### RULING AND ORDER

Pending is the petitioner's "Motion for Special Investigation." The first sentence of the petitioner's motion reads:

> "I don't know why you out here with these survalance computor's harrassing me telling me your denying my petition, reading my mail to the court before I even send it threatening that I'm going to jail because I don't fear any of it, but the threat's and harrassment has got to stop."

Mot. Special Investigation at 1. The petitioner asks the court to initiate an investigation into the surveillance computers. The court construes the motion as a request for injunctive relief.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd 426 U.S. 943 (1976).

In this circuit, the standard for injunctive relief is well established. The moving party "'must demonstrate (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward [that] party . . . .'" <u>King v. Innovation Books</u>, 976 F.2d 824, 828 (2d Cir. 1992) (quoting <u>Resolution Trust Corp. v. Elman</u>, 949 F.2d 624, 626 (2d Cir. 1991). Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. <u>See</u> <u>Citibank, N.A. v. Citytrust</u>, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, the plaintiff must show "'an injury that is neither remote nor speculative, but actual and imminent' and that cannot be remedied by an award of monetary damages." <u>Shapiro v. Cadman Towers, Inc.</u>, 51 F.3d 328, 332 (2d Cir. 1995) (quoting <u>Tucker Anthony Realty Corp. v. Schlesinger</u>, 888 F.2d 969, 975 (2d Cir. 1989)).

This is a habeas corpus petition. The only named respondent is the Commissioner of the Department of Correction. The petitioner is no longer incarcerated and has resided in Waterbury, Connecticut since March 2003. In another motion filed

with the court, the petitioner states that he is on probation.[1] As such, the petitioner is no longer in the custody of the Commissioner of Correction. It is not clear from the petitioner's motion who he seeks relief from or who is responsible for operating the "survalance computor's."

The court must have in personam jurisdiction over a person before it can validly enter an injunction against him. See Weitzman v. Stein, 897 F.2d 653, 658 (2d Cir. 1990); Visual Sciences, Inc. v. Integrated Communications, Inc., 660 F.2d 56, 59 (2d Cir. 1981). See also C. Wright & A. Miller, Federal Practice and Procedure § 2956, at 555 (1973) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."). The petitioner does not allege that Commissioner Armstrong is the person responsible for operating the surveillance computers referenced in the motion. The court does not have in personam jurisdiction over any other individual or individuals who might be responsible for the surveillance equipment because he or she or they are not parties to this action. Accordingly, the court cannot grant the petitioner's request for injunctive relief.

## Conclusion

---

[1] The other motion is the petitioner's "Motion in Review" [doc. # 53]. The court will address that motion in separate ruling.

3

The "Motion for Special Investigation" [doc. # 52] is DENIED.

SO ORDERED this 24TH day of NOVEMBER, 2003, at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge