UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

*FILED*

*2003 DEC -3  A 10: 56*

*US DISTRICT COURT*
*HARTFORD CT*

CLIFTON POWELL

v.

JOHN ARMSTRONG

PRISONER
Case No.  3:01CV2306  (AVC)(TPS)

## RULING AND ORDER

Pending are nine motions filed by the petitioner.  For the reasons set forth below, the motions are denied.

I.    Motion for Evidentiary Hearing [doc. # 55]

The petitioner asks the court to schedule an evidentiary hearing.  The petitioner must meet strict standards before an evidentiary hearing is permitted.

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

In this case, petitioner fails to meet the standard for an evidentiary hearing.  The motion for evidentiary hearing is

denied without prejudice.

II.  <u>Motions for Default and for Order [docs. ## 50, 51, 49]</u>

The petitioner contends that the respondent is in default for failure to respond to the fourth amended petition.  The petitioner filed the fourth amended petition on June 18, 2003. In a motion for order filed in September 2003, the petitioner asks that the court forward a copy of the fourth amended petition to counsel for the respondent.  The petitioner states that he misplaced his copy of the amended petition.

Because the petitioner has conceded that he did not send a copy of the fourth amended petition to counsel for the respondent, the respondent is not in default for failure to plead to a pleading he has not received.  The court recently issued an order directing the Clerk to forward a copy of the fourth amended petition to counsel for the respondent and directing the respondent to file a response to the amended petition on or before December 21, 2003.  Accordingly, the respondent is not in default and the motions for default are denied.  Because the court has already forwarded a copy of the fourth amended petition to counsel for the respondent, the petitioner's motion for order is denied as moot.

III.  <u>Motions for Appointment of Counsel [docs. ## 47, 56, 54]</u>

On July 28, 2003, the court denied a motion for appointment of counsel because the amended petition for writ of habeas corpus did not indicate that justice required the appointment of counsel

2

or that a hearing would be necessary in this action.  The court
informed the petitioner that he could renew his motion if the
court scheduled a hearing in this case.

The petitioner has filed two renewed motions for appointment
of counsel and one "Motion For Administrative Relief."  The court
construes the "Motion for Administrative Relief" as a renewed
motion for appointment of counsel.

The petitioner is no longer incarcerated and lives in
Waterbury, Connecticut.  He has resided in Waterbury since March
2003.  The petitioner does not indicate in either motion that he
has made any attempts to find an attorney to represent him in
this matter since his release from prison.

The court again concludes that justice does not require the
appointment of counsel and that it is unlikely that an
evidentiary hearing will be held in this matter.  Accordingly,
the renewed motions for appointment of counsel are denied without
prejudice to renewal if the court schedules an evidentiary
hearing in this case.

IV.  Motion for Order [doc. # 43]

The petitioner seeks a copy of the third amended petition.
He claims to have misplaced his copy.  Although the plaintiff was
permitted to file his petition in forma pauperis, this status
only relieves him of the cost of filing his action.  He is not
automatically entitled to copies or other materials.  See Guinn
v. Hoecker, No. 94-1257, 1994 WL 702684 (10th Cir. Dec. 15, 1994)

3

(28 U.S.C. § 1915 does not include right to free copy of any document in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy), cert. denied, 514 U.S. 1118 (1995); Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) (28 U.S.C. § 1915 does not include the right to receive copies of court orders without payment).

Here, the petitioner does not indicate why he needs a copy of the third amended petition. He filed his fourth amended petition in June 2003. In addition, the plaintiff has failed to provide sufficient evidence demonstrating that he lacks the necessary funds to pay for the copy. Thus, the plaintiff's motion is denied without prejudice.

V.    "Motion in Review" [doc. # 53]

The petitioner contends that the court is "delaying the event, not returning for the record." The petitioner states that he is tired of waiting. It is unclear to the court what relief the petitioner seeks. To the extent that the petitioner is claiming that there has been a delay in the case because the respondent has not yet responded to the fourth amended petition, the court has issued an order directing the respondent to file a memorandum in response to the amended petition by December 21, 2003. As noted above, the petitioner conceded that he did not send a copy of the fourth amended petition to counsel for the respondent. In order to expedite matters, the court has directed the Clerk to send a copy of the fourth amended petition to

4

counsel for the respondent.  Accordingly, the petitioner's "Motion in Review" is denied as moot.

Conclusion

The Motion for Evidentiary Hearing [doc. # 55] is DENIED without prejudice.  The Motions for Default [docs. ## 50, 51] are DENIED.  The Motion for Order [doc. # 49] is DENIED as moot.  The Motions for Appointment of Counsel and "Administrative Relief" [docs. ## 54, 47, 56] are DENIED without prejudice to renewal if the court schedules an evidentiary hearing in this case.  The "Motion in Review" [doc. # 53] is DENIED as moot.  The Motion for Order [doc. # 43] seeking a copy of the third amended petition is DENIED without prejudice.  The third amended petition is fourteen pages in length.  If the petitioner seeks to renew his motion for a copy of the third amended petition, he must state why he needs the copy and provide evidence that he cannot afford the cost of copying the petition.  The cost of copying court documents is 50 cents per page.

SO ORDERED this _2 nd_ day of _December_, 2003, at Hartford, Connecticut.

THOMAS P. SMITH
UNITED STATES MAGISTRATE JUDGE