United State's District Court
District of Connecticut

Clifton Powell
vs.
John J. Armstrong

Case Docket number
3:01CV2306 (AVC)
Dated: March 24, 2004.

FILED
2004 MAR 26
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Petitioner's For Clarification

The Petitioner's Review of The Enclosed Attached memorandum of Decision, Re: Petition For certification, Dated October 16, 2001, of Docket number CV00-0341885-S, of The Judicial District of Danbury, By The Honorable, Judge, Carrol.
Prove's That The Respondant Has Lied Indicating why The State Court Denied The Petition. <see Enclosure>

: Additionaly, The Petitioner Has Found That He may qualify For Habeas Relief Because He is on Probation & still serving The sentence, Please see Enclosed Copy of Connecticut Prisoner's Right's.

In Light of The ForeGoing: The Petitioner Ask That This Be clarified, Acknowledged Before The Court.

Signed, Clifton Powell, Pro Se.
Petitioner

: mr. Clifton Powell
199 Hill Street
Waterbury, CT 06704.

order

The ForGoing motion Having Been Heard it is HereBy ordered That said motion Be ordered:

Granted / Denied

This ____ Day of ________ By The Court

________________________
The Court

## Certification of Service

Service Certified This 24TH Day of March 2004, To The Office(s) of:

- James A. Killen, Sr. Assistant State's Attorney, Civil Litigation Bureau, Office of The Chief State's Attorney, 300 Corporate Place, Rocky Hill, CT 06067.

And Also To:

Michael E. O'Hare, Supervisory Assistant State's Attorney, Civil Litigation Bureau, Office of The Chief State's Attorney, 300 Corporate Place, Rocky Hill, CT 06067.

Signed, Clifton Powell
Pro Se. Petitioner

state habeas

state habeas corpus
ever, a state inmate
filing a state habeas
efore filing a federal
ierefore, is in many
; petition.[22]

at a prisoner cannot
ights under the Con-
l. The federal courts
ers' rights under the
y the Supreme Court
garding the prisoner
light of the evidence

in 1996 through the
y Act by the United
isequently, prisoners
itutes carefully (they
n without the assis-
iew statute of limita-
te prisoners may file

ar after the latest of

. Blume & David P. Voi-
e, 47 S.C. L. REV. 271

r limitation on the range
r cannot raise a Fourth
not given a full and fair
8 U.S. 465 (1976).

e Death Penalty Act do
ding in Federal court on
who filed petitions for
this chapter and should

- the date on which the inmate's criminal conviction became final, either because his or her final appeal was decided or because the time ran out for seeking such review;
- if the inmate was prevented from filing a habeas corpus petition by a government official, including a prison official, the date it first became possible to file a petition;
- the date on which a new constitutional right was created by the Supreme Court, if that new right applies to the facts of the inmate's federal habeas corpus petition and that new right applies to people who have been finally convicted;
- the date on which any new, key facts in the habeas petition could have been discovered "through the exercise of due diligence."[28]

The one-year clock stops running during the time in which a prisoner has a state habeas corpus petition on the same issue pending.[29]

## *Who can file a federal habeas corpus petition?*

Only individuals who satisfy three requirements may qualify for a writ of federal habeas corpus. Those requirements are:

- *The person filing the petition must be "in custody."*[30] This means that the person filing the petition must be physically confined in a prison or jail, released on parole, on probation, or released on bail before the start of his or her sentence.[31] An inmate who has completed his or her sentence is no longer in custody.[32]
- *The person filing the petition must have "exhausted his or her state remedies."*[33] A prisoner is generally considered to have exhausted his or her state remedies when all the claims in the federal habeas corpus petition have been presented at least once to the Connecticut Supreme Court (or to the Connecticut Appellate Court if the Connecticut Supreme Court refused to hear the prisoner's case).[34] It is not necessary that any state court actually have decided the issues presented in the federal habeas corpus petition, so long as each issue was "fairly presented,"[35] meaning the court was told the issue involved a violation of the prisoner's federal rights[36] and the court was given an opportunity to decide the issue.[37] In addition, it does not matter whether the issue was presented to the court in a state habeas corpus petition or on a direct appeal of the prisoner's conviction; either (or both) is fine.[38] If a federal habeas corpus petition contains even one issue for which state remedies have not been exhausted, the entire petition can be dismissed.[39]
- *The person filing the petition must not have "procedurally defaulted" on the claims in his or her petition.* This means that the prisoner must not have failed to raise a claim that appears in his or her federal habeas petition through an objection at trial,[40] on direct appeal,[41] or by neglecting to file a discretionary appeal in state court.[42] There

28. 28 U.S.C.A. § 2244(d)(1) (West Supp. 1997).
29. *See* 28 U.S.C.A. § 2244(d)(2) (West Supp. 1997).
30. 28 U.S.C.A. § 2254(a) (West Supp. 1997).
31. *See* Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 300 (1984); Hensley v. Mun. Court, 411 U.S. 345, 351 (1973); Jones v. Cunningham, 371 U.S. 236, 243 (1963).
32. *See* Maleng v. Cook, 490 U.S. 488, 492 (1989).
33. 28 U.S.C.A. § 2254(b) (West Supp. 1997).
34. *See* Picard v. Connor, 404 U.S. 270, 275 (1971).
35. Rose v. Lundy, 455 U.S. 509, 518 (1982).
36. *See* Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).
37. *See* Anderson v. Harless, 459 U.S. 4, 10 (1982) (per curiam).
38. *See* Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam).
39. *See* Rose v. Lundy, 455 U.S. 509, 520-21 (1982).
40. *See* Wainwright v. Sykes, 433 U.S. 72, 72 (1977).
41. *See* Anderson v. Harless, 459 U.S. 4 (1982) (per curiam).

CV 00-0341885-S

| | | |
|---|---|---|
| CLIFTON POWELL | : | SUPERIOR COURT |
| vs. | : | JUDICIAL DISTRICT OF DANBURY |
| COMMISSIONER OF CORRECTIONS | : | OCTOBER 16, 2001 |

**MEMORANDUM OF DECISION**
**RE: PETITION FOR CERTIFICATION**

The habeas corpus petition of the petitioner, Clifton Powell, was dismissed by this Court by order dated and filed on September 7, 2001 granting the Respondent Warden's Motion to Dismiss (file #118) the petition. From that dismissal, the petitioner now seeks certification for appeal to the Appellate Court.

In his Petition for Certification, Powell has, *inter alia*, petitioned the Court as follows: "*The petitioner requests a certification that a question is involved in the decision on my habeas corpus petition which ought to be reviewed by the Connecticut Appellate Court. The grounds upon which I request certification are: The issues that I raised were not reviewed/entertained ...I could not assist in my own defense... I would also like to appeal upon the grounds that I am on medication...*"

Connecticut General Statutes 52-470b provides that:

> (b) No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies.

COPY

2001 OCT 18 A 9 23
OFFICE OF THE CLERK SUPERIOR COURT G.A. #3
JUDICIAL DISTRICT OF DANBURY
STATE OF CONNECTICUT

The Court's review of the file indicates that the Petition for Certification has been timely filed, hence the question before the Court is whether such certification should be granted and more specifically, whether a question is involved in the decision of the habeas Court which ought to be reviewed by the Appellate Court.

As has been noted in other Superior Court decisions on this issue (See: Donald W. Utz v. Warden, C.C.I. Somers, 1991 Ct. Sup. 6882, CV90-0107820-S, Judicial District of Stamford, August 8, 1991), the current authority requires the Court in considering a Petition for Certification to do more than simply "rubber stamp" the certification issue. Rather, a "searching inquiry" should be made by the Court to determine whether there is a question involved in the decision of the habeas Court which ought to be reviewed by the Appellate Court.

In the matter of Copas v. Commissioner of Correction, 234 Conn. 139, 150 (1995), the Connecticut Supreme Court held, "We recognize that "[i]n enacting §52-470(b), the legislature intended to discourage frivolous habeas appeals." Simms v. Warden, 230 Conn. 608, 616. A habeas appeal that satisfies one of the criteria set forth in Lozada v. Deeds, 498 U.S. 430, 431-32, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991), is not, however, frivolous and warrants appellate review if the appellant can show: "'that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' (Emphasis in original; internal quotation marks omitted.)" Lozada v. Deeds, supra, 432. Thus, if an appeal is not frivolous, the habeas court's failure to grant certification to appeal is an abuse of discretion. Simms v. Warden, supra, 616".

This Court has made its searching inquiry and notes that the habeas petition was based upon the petitioner's claim that in his underlying criminal prosecution, his guilty plea was not entered voluntarily; the plea bargain agreed to with the prosecutor was not followed; the sentence received was not legal; and, the mental state of the petitioner at the time of the entry of plea was such that he could not assist in his own defense.

This Court's dismissal of the habeas petition was based upon the court's review of the transcript of the plea canvass administered on May 1, 2000 by the sentencing court (Damiani, J.). Based upon this court's review of the said plea canvass, this Court concluded that the petitioner entered his guilty plea on the date in question, knowingly and voluntarily. This Court further concluded that the sentence imposed by the sentencing court was in accordance with the plea negotiation between the State and the petitioner, Powell, and that the terms of the plea agreement were fully explained to Powell on the record and were further understood by and agreed to by Powell on the records at the time of sentencing. There

is no evidence in the record that Mr. Powell's mental state at the time of entry of the plea was such that he could not then enter a knowing and voluntary plea. Rather, the sentencing court fully canvassed the plea and fully canvassed Mr. Powell with respect to his state of mind, his ability to understand and his knowledge and understanding of the consequences of his plea.

This Court's review of those proceedings and the process this Court employed in rendering its decision to dismiss the said petition has failed to disclose any issue that would satisfy any one of the criteria set forth in Lozada v. Deeds, 498 U.S. 430, *supra*, nor has the petitioner asserted any such issue that would satisfy any one of said criteria. This Court is further unable to point to any question in its decision to dismiss the said habeas corpus petition which ought to be reviewed by the Connecticut Appellate Court.

The Petition for Certification is accordingly denied.

**BY THE COURT**

**CARROLL, J.**