UNITED STATES District court
District of Connecticut

Clifton Powell
vs.
John F. Armstrong

Case Docket number
3:01-cv-2306 (AVC)
Dated: September 01, 2004.

Petitioner's Extended motion to oppose Respondent's memorandum of Law In opposition To Petition For A writ of HABeas Corpus

The Petitioner Hereby move's The court With An Extended motion To oppose Respondent's memorandum of law in opposition To Petition For A writ of HABeas corpus.

In Accordance, The Petitioner Ask That The court order That His Fourth Amended Petition Be ordered Granted By The court, Along With Such other Further Action And/or Relief which it Deem Just And Proper, For The Reason(s) Stated And/or Any other Further Reason To Exist.

As To Such, The Respondent's memorandum of Law In opposition To Petition For A writ of HABeas corpus, Dated January 27, 2004, is Ineffective.

In support Here of The Petitioner Attest: I was Incarcerated while Being Detained At the new Haven Community Correctional center medical unit strip cell Infirmary #15, wearing A Paper vest when I was Taken To court In violation of my Guaranteed constitutional Right's, (see clinical Record's And Physician's order's, Enclosed). I was Put in A Paper vest, Restricte From Eating utensils, Recreation, Phone's, And shower's. I was ordered By The Doctor To Be Injected With Three Different Type of medication, And To Be Held on Four(4) Point Restraint, And To Remain on suicide watch) With no court untill seen By Psychiatrist, when The sherif came And Took me To court, which Therefore constitute A violation of my Guaranteed constitutional Right's, (Please see clinical Record's And ~~Rights~~ Physician's order's Enclosed, Attached). In Light of The Above I was Discovered Being Coerce Into suicide, see clinical Record's Enclosed, Attached. This is Proof of Evidence That I was Being Coerce Through The course of ~~suicide~~ The Action which Led To my conviction, And These Are The Trait(s) That were Being Canvassed (Please see clinical Record's), And I could not Transpose.

Furthermore"

The United State's District court ordered The Respondent's To File A Response on or Before December 21, 2003, showing Cause why The Relief Prayed For in The Fourth Amended Petition [Doc. #16] should not Be Granted And Addressing The merit's of The Petitioner's Two Claim's For Relief.

wherefore"

The Respondent's Filed Their Response, A memorandum of Law In opposition To Petition For A writ of HABeas corpus, Dated January 27, 2004.

1. of 4.

As To Such, The Respondent(s) Indicated That The State Habeas Court Denied The Petitioner's Petition For Certification, Stating That it was untimely Filed.

Argument: Enclosed Attached is The State Habeas Court's memorandum of Decision RE: Petition For Certification, where you will Discover That The Petitioner's Petition For Certification was not untimely Filed.

Moreover: The Respondent Indicated in Their Response That I The Petitioner Mr. Clifton Powell made no Attempt To Demonstrate Cause And Prejudice or A miscarriage of Justice in The State Habeas Court, nor Dose I Attempt To Do So in my Federal Petition.

Argument: Enclosed Attached is The Clinical Record WHICH Contain THE Demonstration of THE Trait(s) WHICH Coerce me Through THE Course of THE Action which Led To my Conviction. The Clinical Record is marked on The Record As Exhibit (A), Judge, Thomas P. Smith, Previously Entertained A motion For Evidentiary WHICH contain Exhibit (A). Please See Petitioner's Previous motion For Evidentiary And it's Exhibit (s).

Furthermore: The Respondent's Argument (A), Indicated That THIS Claim Should Be Rejected on THE Ground's That, Because THE Last STATE Court To Address THIS Claim Concluded That it was Procedurally Defaulted.

Argument: Enclosed Attached is The Clinical Record which Contain A demonstration of THE Trait(s) WHICH Coerce me Through THE Course of THE Action which Led To my Conviction. As To Such, I Had no Bearing or control nor Can I Be Held Accountable For THE Information THAT was Being Contained in my Behalf...

Consequently: THE STATE Habeas Court Indicated That THE Court's Dismissal of THE Habeas Petition was Based Upon THE Court's Review of THE Transcript Administered on May 1, 2000, By The Sentencing Court (Damiani, T.). See THE STATE Habeas Court's memorandum of Decision RE: Petition For Certification, Enclosed.

Argument: Enclosed Attached is The Clinical Record which Contain A demonstration of THE Trait(s) WHICH Coerce me Through THE Course of That Action, As To Such, I Had no Bearing or control nor Can I Be Held Accountable For Anything with Regard's To Such Proceeding.

STATISTICALLY : The State Trial Court made An Error, Because when I went to Court it was Identified for the Record that I was Hearing voice's, on Page 2 of the Transcript before Judge, Joseph Doherty, Dated may 1, 2000, The Court Knew I was mentally Disabled, And the Trait<s> Are ~~the same And~~ Identified in the Clinical Record. The Court FAIL to Canvass the Condition with Respect to the Psychological malformation, Enclosed Attached is Clinical Record's which Reveal that I was Experiencing Coercive Hallucination of which Coerce me Through the Course of the Action which led to my Conviction. Under the Influence of the Coercive Hallucination trait I did Represent to the Court on may 1, 2000, Before Judge, Joseph Doherty on Page 2 of the Enclosed Transcript that I could not Proceed.

Argument : Any Description of the situation could And would Have Been Discovered if the State Trial Court Judge Joseph Doherty would Have Canvass my condition At that Time, the Trait's Became such that I could not Transpose the Clinical Record Reveal's that I would Have turn off the top Bunk of the Bed ~~onto my Head And of~~ Killed my self if I was not Rescued, ~~from Abuse~~.

Appearently : Being that I was mentally Disabled while suffering from the Trait's As I Identified in the Clinical Record's <Enclosed,> the State Trial Court Violated several of my Guranteed Constitutional Right's on may 1, 2000, Before Judge, Joseph Doherty, which will Appear unjust And Improper, Please see Enclosed Attached Transcript of the Proceeding.

—————— In Light of The Foregoing ——————

The Petitioner Ask that the Court order His Fourth Amended Petition to Be Granted For the Reason Stated And/or Any other Further Reason to Exist, Along with / And, or Such other Further Action And or Relief to which it Deem's Just And Proper.

—————— In Accordance ——————

This Court may Also Entertain this motion in Part or in Full, Pursuant to ~~Title~~ The Federal Rule's of Civil Procedure, Rule 15, <B>.

Which Indicate : when Issue's not Raised By the Pleading's Are tried by Express or Implied consent of the Partie's, They Shall Be Treated in All Respect's As if they had Been Raised in The Pleading's.

Signed, Clifton Powell, Pro se.
Petitioner

:mr. Clifton Powell
199 Hill Street
Waterbury, CT 06704.

3. of 4.

## Order

The foregoing motion having been heard, it is hereby ordered that said motion be ordered:

## GRANTED / Denied

THIS _____ DAY OF _____

BY THE COURT

_____

THE COURT

## Certification of Service

Service certified this 01st day of September, 2004. To the office of: Michael E. O'Hare, Supervisory Assistant State's Attorney, Civil Litigation Bureau, office of the Cheif State's Attorney, 300 Corporate Place, Rocky Hill, CT 06067.

And Also to the office of:

(James A. Killen, Senior Assistant State's Attorney), Civil Litigation Bureau, office of the Cheif State's Attorney, 300 Corporate Place, Rocky Hill, CT 06067. This 01st day of September, 2004.

Signed, Clifton Powell, Prose.
Petitioner

4. of 4.

HR401 REV.5/84
CONNECTICUT DEPARTMENT OF CORRECTION
CLINICAL RECORD

Mental Health

| INMATE NUMBER | DATE OF BIRTH |
| --- | --- |
| 147799 | 4/4/69 |

INMATE NAME (LAST, FIRST, INITIAL) Powell Clifton

| SEX | RACE/ETHNIC | FACILITY |
| --- | --- | --- |
| (M) F | (B) W H O | NHCC |
| | | NCI op |

| DATE/TIME | |
| --- | --- |
| 4/27/00 p:50 | Received note from SW G. Gardiner that a Judges Daughter called regarding mess. to this I/M. Tel. # 836-8226 & I called 860-286-8226 and on answering machine responded to female voice and no official statement regarding whose phone it was. We need a ROI if this is a legitimate request. Request I/M Powell to identify Judge's name + sign ROI and also sign ROI for his atty when seen in clinic tonight. _____ |
| 4/27/00 | Mon Adm. to in pt. on 245 min. V.S. & Ferguson vest & blanket. S/I |
| 11:45 | Ativan / mom po stat given. ___ PA Darden |
| 4/28/00 | out & agout. No med. problems reported. _____ |
| 4/30/00 13:30 | S/O received call from block officer I/M stating he is hearing voices telling him to harm self. Responded to unit ____. This in length. I/M audible stating voice is telling him to hang himself. Unable to ____ voice states it is a male. Stated is whines to cell will jump off bed and kill himself. I/M very ambivalent about harming self. placed in cell #451 on suicide watch. ____ vest and blanket. call to C. Kelby ____ |
| | A: S/P A/O hallucinations |
| | P: adm. to Cell #451 on suicide watch. Call to Dr. ____ Psych |

HR925 REV. 12/95
CONNECTICUT DEPARTMENT OF CORRECTION

**PHYSICIAN'S ORDERS**

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 147799 | 4-4-69 |

INMATE NAME (LAST, FIRST, INITIAL)
Powell Clifton

| SEX | | RACE/ETHNIC | | | | FACILITY |
|---|---|---|---|---|---|---|
| (M) | F | (B) | W | H | O | NHECC |

INSTRUCTIONS FOR USE:  Physicians must sign name and title under each order.  Each order must be initialed in the space provided by the licensed nurse who transcribed the order.  Medications will be dispensed according to brands stocked in pharmacy.

## DRUG ALLERGIES / HYPERSENSITIVITY  NKA

| Date | Time | ORDER / RATIONALE | Nurse's Signature and Title |
|---|---|---|---|
| 4-28-00 | 1:05 pm | dc q15 min √ for S.W. | |
| | | discharge from In-patient | |
| | | f/u (29-00) 4-30-00 in 4 clinic (Dr. Alford) | |
| | | To Dr Syed / A. Muhammad | A. Muhammad |
| 4/29/00 | 11 pm | T.O. Dr Hensley / M. Singh | |
| | ① | Admit to Inpt Unit | |
| | ② | Dx: Suicidal Ideation | |
| | ③ | Continue all meds | |
| | ④ | Q15 min watch Ferguson vest / blanket | |
| | | No utensils, Rec Shave or phone | |
| | ⑤ | f/u c̄ Psych In a.m | |
| | | Confirmed and repeated × 2 | |
| 4/30/02 | 11:40 | T.O. Dr Zeph / M. Singh | |
| | ① | Transfer to BPICC Q15min | |
| | | Watch. 4pt Restraints | |
| | ② | I/M harm to self | |
| | ③ | Continue all meds | |
| | ④ | Give Ativan 1mg IM c̄ Cogentin 1mg and | |
| | | Haldol 5mg × 1 prn | |
| | | Confirmed and repeated × 2 | |

AUTHORIZATION IS HEREBY GIVEN TO DISPENSE THE MEDICATION EQUIVALENT
(UNDER THE D.O.C. FORMULARY SYSTEM) UNLESS THE PRODUCT DESCRIBED IS CIRCLED

HR925 REV. 12/95

CONNECTICUT DEPARTMENT OF CORRECTION

**PHYSICIAN'S ORDERS**

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 147755 | 4/4/69 |

INMATE NAME (LAST, FIRST, INITIAL)

Powell, Clifton

| SEX | | RACE/ETHNIC | | | | FACILITY |
|---|---|---|---|---|---|---|
| M | F | B | W | H | O | NHCC |

INSTRUCTIONS FOR USE:  <u>Physicians must sign name and title under each order.</u>  Each order must be initialed in the space provided by the licensed nurse who transcribed the order.   Medications will be dispensed according to brands stocked in pharmacy.

## DRUG ALLERGIES / HYPERSENSITIVITY / INFORMATION

| Date | Time | ORDER / RATIONALE | Nurse's Signature and Title |
|---|---|---|---|
| 5/1/00 | 1 AM | Cancel Transfer to BCC. Hold on 4 pt restraint May have Haldol 5 mg IM Cogentin + mg IM  x 1 in next Ativan + mg IM  24° if needed. Continue on suicide watch. T.O. Dr. Zept / ED Taylor | |
| 5/1/00 | 8:15 AM | Inmate to remain on suicide watch c no court until seen by psychiatrist. T.O. Dr. Zept / ED Taylor | |
| 5/1/00 | | — Transfer / discharge to Garner CC — to remain on 15 min checks | |
| 5/1/00 5/2/00 | | | |
| | 2:00 | Re. 15 min checks discharge into Pop "F" Block Pts Camossy | |
| 5/2/00 | 8:14 | Med order done | |

1401 REV.5/94

CONNECTICUT DEPARTMENT OF CORRECTION

CLINICAL RECORD

| INMATE NUMBER | 147799 | DATE OF BIRTH | 4/4/69 |
|---|---|---|---|

INMATE NAME(LAST, FIRST,INITIAL) Powell, Clifton

| SEX | M (F) | RACE/ETHNIC | (B) W H O | FACILITY Garner AP |
|---|---|---|---|---|

| DATE/TIME | |
|---|---|
| 5/1/00 10:00PM | S/O: Inmate seen on intake to Garner AP. Nurse asked for previous nursing inmate placement needs. A chart review revealed that inmate was transferred to Garner from Nettee's hospital section. Inmate was in New Haven CC on 15 minute checks and was said to be transferred to Garner for IPM treatment and to continue 15 minute checks/suicide precautions. I called Garner IPM that advised there is no open bed at IPM. AP officer stated he could not facilitate any transfer from IPM to a regular block for existing inmate in IPM.

Assessment: Placement in IPM, available bed at issue.

Plan: IPM nurses put calls into Health Administrator. On call psychologist was consulted by nursing. He had no prior knowledge of inmates transfer. Chart does not reveal who was consulted |

Facility Name

AVEENO CLEANSING BAR DRY (EA) BAR
USE AS DIRECTED
RX: 295219 FARINELLA M.D., MONICIA
START DATE 02/22/2000    STOP DATE 05/22/2000

HALOPERIDOL CONC. (HALDOL-120CC 2MG/ML CC
2MG AT BEDTIME <<PROFILE ONLY DO NOT SEND>>
RX: 323660 BEAUDOIN (PSY), JAMES, MD
START DATE 03/16/2000    STOP DATE 04/14/2000    MAY CAUSE DROWSINESS.

HYDROXYZINE HCL SYRUP (480CC) 10MG/5CC STR VISTARIL CONC.
50MG AT BEDTIME <<PROFILE ONLY DO NOT SEND>>
RX: 323881 BEAUDOIN (PSY), JAMES, MD
START DATE 03/16/2000    STOP DATE 04/14/2000

START DATE _____    STOP DATE _____

START DATE _____    STOP DATE _____

START DATE _____    STOP DATE _____

START DATE _____    STOP DATE _____

DIAGNOSIS

ALLERGY    NO KNOWN DRUG ALLERGY

PATIENT NAME    POWELL, CLIFTON
ID    147799    WING _____

DOCUMENTATION CODES =
D - Discontinued Order
O - Dose Omitted
Medical Hold

R - Refused
C - Chart
S - Self Administered
NS - No Show

Facility Name _____

Month/Year _____

**DOCUMENTATION CODES =**

- DC - Discontinued Order
- DO - Dose Omitted
- ↑ - Medical Hold

- R - Refused
- C - Court
- LD - Lock Down

- S - Self Administered
- NS - No Show
- O - Other

| PATIENT NAME | PURCELL, CLIFTON | ID | 147799 | WING | FC-1 |

DIAGNOSIS _____

ALLERGY NO KNOWN DRUG ALLERGY

NURSE'S SIGNATURE / INITIAL / NURSE'S SIGNATURE / INITIAL

HYDROXYZINE CONC (VISTARIL) 100MG/CC LIQ
USE 1/2USE DAILY (COMPAFILE ONLY) DO NOT SEND>>
CROSSPRESS. AVOID SUNLIGHT. MAY CAUSE
START DATE 02/22/2000 STOP DATE 05/22/2000

RX: 25X219 FARINELLA M.D., MONICA

Clonidine 0.2 mg po BID
x 1 week
START DATE 5-10-00
STOP DATE 5-12

STATE OF CONNECTICUT
SUPERIOR COURT
JUDICIAL DISTRICT OF WATERBURY


--------------------------------x
                                )
STATE OF CONNECTICUT            )
                                )    DATED:  5-1-00
VS.                             )
                                )    DOCKET NO. CR99-277329
CLIFTON POWELL                  )
                                )
--------------------------------x


                BEFORE:

            THE HONORABLE JOSEPH DOHERTY



            APPEARANCES:

                DAVID GULICK, ASS'T. STATE'S ATTORNEY
                (For the State of Connecticut)


                ALAN MCWHIRTER, PUBLIC DEFENDER
                (For the Defendant)




                                Cynthia Blanchard
                                Court Monitor

1

1          THE COURT:  Good morning.  At this time the

2     court is going to go back on the record in matter

3     number CR-99-277329, State of Connecticut versus

4     Clifton Powell.

5          Would counsel identify themselves on the record,

6     please?

7          MR. GULICK:  David Gulick for the State of

8     Connecticut.

9          THE COURT:  Good morning, Attorney Gulick.

10         MR. GULICK:  Good morning, Your Honor.

11         THE COURT:  Good morning, Mr. Powell.

12         MR. POWELL:  Good morning.

13         THE COURT:  At this time the court is prepared

14    to resume the jury selection, is there anything to

15    report to the court at this time?

16         MR. GULICK:  Your Honor, I have just been

17    informed by the sheriffs that the defendant may have

18    taken some medication last night.  Other than that I

19    have nothing to report.

20         THE COURT:  Mr. Powell, is there anything that

21    you want to bring to my attention this morning?

22         MR. POWELL:  Yeah.

23         THE COURT:  What is that?

24         MR. POWELL:  I'm getting too much -- I'm taking

25    more medication now.

26         THE COURT:  Did you have medicine administered

27    to you by injection this morning at 12:30?

2

MR. POWELL:  Yeah.

THE COURT:  I talked to the Warden's office and the Medical Unit advised me that you were given five milligrams of Haldol and one milligram of Ativan by injection this morning after you had experienced some anxiety in your cell last night.  Has that had an effect on you today?

MR. POWELL:  Yeah.

THE COURT:  In what way is it affecting you?

MR. POWELL:  I -- I asked the doctor --

THE COURT:  What did you do, Mr. Powell?

MR. POWELL:  Huh?  I hear voices --

THE COURT:  How are you this morning?

MR. POWELL:  Huh?  I was hearing voices.

THE COURT:  Are you hearing voices now?

MR. POWELL:  A little bit.

THE COURT:  Now, Mr. Powell, my concern is that the medications you got last night are the same medications that you've been taking over a period of six months.  And while they were by injection I was advised by the nurse that administered them that they should not have a long term effect on you and that you should be able to go forward this morning.  Are you representing to me that you can't proceed this morning?

MR. POWELL:  Yeah.

THE COURT:  Well, I am prepared to direct

3

1    Attorney McWhirter to finish selecting the jury.  Do

2    you have any objection to that?

3          MR. POWELL:  Yeah.

4          THE COURT:  Do you have -- did you attorney file

5    her appearance for you today, Mr. Powell?

6          MR. POWELL:  She said -- she told me to tell you

7    something -- I got papers -- I need some time to get

8    --

9          THE COURT:  I am prepared to pass the matter

10   until two o'clock and begin selecting the jury at

11   that time if that's what you are asking me to do, Mr.

12   Powell.  Is that what you would want me to do?

13         MR. POWELL:  Let me -- ahhhh, I need to -- I

14   need to ask Terry Knight to represent me and I need

15   more time so she could come and represent --

16         THE COURT:  She was supposed to do that this

17   morning, wasn't she, Mr. Powell?

18         MR. POWELL:  Yeah, but, I -- I had to arrange to

19   give her the money first.

20         THE COURT:  And is that something you are going

21   to be able to do?

22         MR. POWELL:  Yeah, my mother no got money, but

23   she said she could -- she said to -- postpone it --

24   she said for two weeks, I think, she said.

25         THE COURT:  She's asking for a two week

26   postponement?

27         MR. POWELL:  Yeah.

4

1          THE COURT:  Well, I am not going to do that, Mr.

2     Powell, at least I am not going to do it unless and

3     until she files and appearance and then she can

4     discuss the continuances with me.

5          What I am going to do, Mr. Powell, is I am going

6     to continue this matter one day until tomorrow.  Did

7     you speak with Attorney Knight yourself or did your

8     family speak to her?

9          MR. POWELL:  I talked to her --

10          THE COURT:  When did you talk to her?  Was it

11     today?

12          MR. POWELL:  Yesterday.  Yesterday I talked to

13     her.

14          THE COURT:  Well, this is what I am going to do,

15     Mr. Powell.  I am going to continue the matter one

16     day and if you are still claiming that you are unable

17     to proceed I am going to appoint Attorney McWhirter

18     to finish selecting the jury.  If Attorney Knight

19     files an appearance I am going to direct her to be

20     here tomorrow to pick the jury.  If after the jury is

21     selected she needs additional time I will consider

22     granting an extension.  But, I want to pick this jury

23     tomorrow, do you understand that?

24          MR. POWELL:  --she coming back -- you are going

25     to tell her -- pick another jury --

26          THE COURT:  She will have to file an appearance

27     or I am not going to give her any consideration until

5

she appears.  And if she appears I am going to have
her pick a jury and then I will consider extending
the case to let her do some research.

MR. GULICK:  Your Honor, if I may suggest --
instead of a one day continuance, could we pass this
until two o'clock and possibly begin the jury
selection then?

The defendant is claiming that he's too sleepy
or groggy to continue with jury selection.  I am
going to ask that he go back in the block and take a
little nap.  The medications that we've been advised
that he's on is the same thing he's been on for the
passed four or five months and it hasn't affected him
so far.

MR. POWELL:  Your Honor, I want to say something
to -- this lawyer because -- because -- if you read
the thing where it says I am retarded, that's enough
to tell you that -- that's enough to tell you that I
can be incompetent.  But, I got a lot of things
that's why I'm asking you to call the doctor who said
that I'm retarded and have him do it because he can
tell you -- he can tell you --

THE COURT:  Mr. Powell, there was a report done
on January 10th, that's less than four months ago
that found you to be competent, at least competent
enough to understand the charges against you and
assist in your own defense.  That's the only criteria

6

that the court can use and that's what I am going to
use.  And I found on Friday that you hadn't changed
from that status.  So I am not going to do any
further competency evaluations.

I will pass the matter until two o'clock and see
how you are feeling and I am not going to do anything
in consideration of Attorney Knight unless and until
she files and appearance.

So I am going to pass the matter to see how you
are feeling at two o'clock.

MR. POWELL:  Okay.  Can you give me another
public defender because the relationship with the
public defender is --

THE COURT:  That's another request that you have
explored and the court has consistently denied.  So I
am not going to change the court's ruling on that
either today, Mr. Powell.

MR. POWELL:  I want you to know that my
relationship with the public defender broke down.  He
can't -- I ask him for more time cause I have a
lawyer who is willing to take my case.  And I am
entitled to assistance of counsel of my choice.

THE COURT:  You've always had that option, Mr.
Powell, but you haven't exercised it.  Now, you are
talking about Attorney Knight.  If she appears for
you by tomorrow morning I will let her finish picking
your jury.  If she doesn't appear here, you are going

7

1    to have to finish picking it, or Attorney McWhirter

2    will.

3        MR. POWELL:  I spoke to a lawyer who could take

4    my case.  I don't wish to represent myself.  I don't

5    have a college education and I didn't complete high

6    school.  And I don't understand the rules of evidence

7    and I need help with my case.

8        THE COURT:  You read that to me on Friday, Mr.

9    Powell.  Nothing has changed.  You can have an

10    attorney of your choice if she files appearance by

11    tomorrow, that's Attorney Knight.

12        MR. POWELL:  Okay.

13        THE COURT:  Mr. Powell --

14        MR. POWELL:  Okay.  If you won't give me time to

15    get Attorney Knight, appoint me another public

16    defender because my relationship with McWhirter has

17    broken down completely and I can't -- I cannot

18    communicate with him.  As a result he can't

19    adequately prepare my defense.  I told him to -- I

20    ask him about the investigation he did and he

21    wouldn't tell me anything and I need that paperwork.

22        THE COURT:  Mr. Powell, I am going to pass your

23    matter until two o'clock and you can renew that

24    request, but I am not going to adjourn today until

25    I've had a chance to let that medication wear off,

26    but Attorney Knight is not going to be given any

27    consideration unless and until she files and

8

appearance.  So you may want to contact her before now and two o'clock.

MR. POWELL:  Judge, listen, I -- I can't work with McWhirter.  Can you give me a public defender who can adequately prepare my defense because McWhirter -- my relationship did break down and I can't communicate with him, man.  And I'm telling you that I -- he can't prepare -- I have a good case -- a good defense, but McWhirter can't -- he can't represent my case properly because my relationship broke down.

THE COURT:  I understand that's your claim, Mr. Powell, but at this point in time I am not going to appoint any other public defender to represent you. If Attorney Knight is going to come in she has until tomorrow to do it.

All right?  We are going to take a recess until two o'clock.

*   *   *   *

CV 00-0341885-S

CLIFTON POWELL                              :           SUPERIOR COURT
                                           :
vs.                                        :           JUDICIAL DISTRICT OF DANBURY
                                           :
COMMISSIONER OF CORRECTIONS :              :           OCTOBER 16, 2001


## MEMORANDUM OF DECISION
## RE: PETITION FOR CERTIFICATION


The habeas corpus petition of the petitioner, Clifton Powell, was dismissed by this Court by order dated and filed on September 7, 2001 granting the Respondent Warden's Motion to Dismiss (file #118) the petition. From that dismissal, the petitioner now seeks certification for appeal to the Appellate Court.

In his Petition for Certification, Powell has, *inter alia*, petitioned the Court as follows: *"The petitioner requests a certification that a question is involved in the decision on my habeas corpus petition which ought to be reviewed by the Connecticut Appellate Court. The grounds upon which I request certification are: The issues that I raised were not reviewed/entertained ...I could not assist in my own defense... I would also like to appeal upon the grounds that I am on medication..."*

Connecticut General Statutes 52-470b provides that:

   (b)  No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies.

The Court's review of the file indicates that the Petition for Certification has been timely filed, hence the question before the Court is whether such certification should be granted and more specifically, whether a question is involved in the decision of the habeas Court which ought to be reviewed by the Appellate Court.

As has been noted in other Superior Court decisions on this issue (See: <u>Donald W. Utz v. Warden, C.C.I. Somers</u>, 1991 Ct. Sup. 6882, CV90-0107820-S, Judicial District of Stamford, August 8, 1991), the current authority requires the Court in considering a Petition for Certification to do more than simply "rubber stamp" the certification issue. Rather, a "searching inquiry" should be made by the Court to determine whether there is a question involved in the decision of the habeas Court which ought to be reviewed by the Appellate Court.

In the matter of <u>Copas v. Commissioner of Correction</u>, 234 Conn. 139, 150 (1995), the Connecticut Supreme Court held, "We recognize that "[i]n enacting §52-470(b), the legislature intended to discourage frivolous habeas appeals." <u>Simms v. Warden</u>, 230 Conn. 608, 616. A habeas appeal that satisfies one of the criteria set forth in <u>Lozada v. Deeds</u>, 498 U.S. 430, 431-32, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991), is not, however, frivolous and warrants appellate review if the appellant can show: "'that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' (Emphasis in original; internal quotation marks omitted)" <u>Lozada v. Deeds</u>, supra, 432. Thus, if an appeal is not frivolous, the habeas court's failure to grant certification to appeal is an abuse of discretion. <u>Simms v. Warden</u>, supra, 616".

This Court has made its searching inquiry and notes that the habeas petition was based upon the petitioner's claim that in his underlying criminal prosecution, his guilty plea was not entered voluntarily; the plea bargain agreed to with the prosecutor was not followed; the sentence received was not legal; and, the mental state of the petitioner at the time of the entry of plea was such that he could not assist in his own defense.

This Court's dismissal of the habeas petition was based upon the court's review of the transcript of the plea canvass administered on May 1, 2000 by the sentencing court (Damiani, J.). Based upon this court's review of the said plea canvass, this Court concluded that the petitioner entered his guilty plea on the date in question, knowingly and voluntarily. This Court further concluded that the sentence imposed by the sentencing court was in accordance with the plea negotiation between the State and the petitioner, Powell, and that the terms of the plea agreement were fully explained to Powell on the record and were further understood by and agreed to by Powell on the records at the time of sentencing. There

is no evidence in the record that Mr. Powell's mental state at the time of entry of the plea was such that he could not then enter a knowing and voluntary plea. Rather, the sentencing court fully canvassed the plea and fully canvassed Mr. Powell with respect to his state of mind, his ability to understand and his knowledge and understanding of the consequences of his plea.

This Court's review of those proceedings and the process this Court employed in rendering its decision to dismiss the said petition has failed to disclose any issue that would satisfy any one of the criteria set forth in <u>Lozada v. Deeds</u>, 498 U.S. 430, *supra*, nor has the petitioner asserted any such issue that would satisfy any one of said criteria. This Court is further unable to point to any question in its decision to dismiss the said habeas corpus petition which ought to be reviewed by the Connecticut Appellate Court.

The Petition for Certification is accordingly denied.


**BY THE COURT**

CARROLL, J.