United State's District Court
District of Connecticut

Clifton Powell
vs.
John J. Armstrong

Civil Case Docket Number
3:01-cv-2306 (AVC)
Dated: October 31, 2004

2004 NOV -2 [stamp]
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

Petitioner's Memorandum of Law Pursuant To The Federal Rule's of Civil Procedure, Rule 60. Relief From Judgment or Order

Pursuant to the Federal Rule's of Civil Procedure, Rule 60. Relief From Judgment or Order

(A) Clerical Mistake's.

Clerical mistake's in judgment's, order's or other part's of the record and error's therein arising from oversight or omission may be corrected by the court at any time of it's own initiative or on the motion of any party and after such notice, if any, as the court order's.
During the pendency of an appeal, such mistake's may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(B) Mistake's; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.

On motion and upon such term's as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reason's:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
A motion under this subdivision (B) dose not affect the finality of a judgment or suspend it's operation.
This rule dose not limit the power of a court to entertain an independent action to relieve a party from a final judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writ's of Coram Nobis, Coram Vobis, Audita Querela, and Bill's of Review and Bill's in the nature of a Bill of Review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rule's or by an independent action.

Signed, Clifton Powell, Pro se.
Petitioner

## Certification of Service

Service certified this 31th day of October 2004, to the office of: Michael E. O'Hare, Supervisory Assistant State's Attorney, Civil Litigation Bureau, 300 Corporate Place, Rocky Hill, CT 06067.

## And also to the office of

James A. Killen, Senior Assistant State's Attorney, Civil Litigation Bureau, Office of the Chief State's Attorney, 300 Corporate Place, Rocky Hill, CT 06067.

Signed, Clifton Powell, Pro se.
Petitioner
Dated: October 08th, 2004.

: Mr. Clifton Powell
199 Hill Street
Waterbury, CT 06704.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 OCT -1  P 3: 21

U.S. DISTRICT COURT
HARTFORD, CT.

CLIFTON POWELL,
    Petitioner,

v.

JOHN J. ARMSTRONG,
    Respondent.

PRISONER
Case No. 3:01cv2306(AVC)

## RULING AND ORDER

The petitioner, Clifton Powell, is currently residing in Waterbury, Connecticut. He was confined at the Garner Correctional Institution in Newtown, Connecticut, at the time he filed the present petition. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his May 2000 conviction for attempted larceny in the second degree and burglary in the third degree on the ground that his guilty plea was not voluntary or knowing. For the reasons set forth below, the amended petition is dismissed.

### Procedural Background

On May 1, 2000, in State of Connecticut v. Powell, CR-99-277329, the plaintiff pleaded guilty to one count of attempted larceny in the second degree and one count of burglary in the third degree. The court sentenced the petitioner to seven years of imprisonment suspended after four years with three years of probation. The petitioner did not appeal this conviction. Also on May 1, 2000, in State of Connecticut v. Powell, CR-99-277449, the State of Connecticut entered a nolle prosequi on one count of disorderly conduct. The petitioner did not file an appeal either criminal matter.

In November 2000, the petitioner filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Danbury. The petitioner claimed that his guilty plea to the burglary and larceny charges was involuntary because he was incompetent at the time he entered it. The court granted the respondent's motion to dismiss on September 7, 2001. See Powell v. Warden, CV-00-0341885-S, (endorsement granting mot. dismiss) (Conn. Super. Ct. Sept. 7, 2001). On September 24, 2001, the court denied the petitioner's request for certification to appeal to the Connecticut Appellate Court. See id., slip op. at 3 (Conn. Super. Ct. Oct. 18, 2001). On November 14, 2001, the court denied the petitioner's application for waiver of fees and costs to appeal the dismissal of the petition. The petitioner did not appeal the denial of his request for certification to appeal or the denial of his application for waiver of fees. On December 10, 2001, the petitioner filed this action.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), significantly amended 28 U.S.C. §§ 2244, 2253, 2254, and 2255. Specifically, the AEDPA amended § 2244(d)(1) to now impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

2

> the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

A conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000). The Second Circuit has held that the limitations period does not begin until the completion of direct appellate review in the state courts and either the denial of a petition for certiorari by the United States Supreme Court or the expiration of the time within which to file a petition for a writ of certiorari. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). The limitations period is tolled by the filing of a state habeas petition, but not by the filing of a federal habeas petition. See 28 U.S.C. § 2244(d)(2)(statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim in pending"); Duncan v. Walker, 533 U.S. 167, 181-82 (2001)(pending federal habeas petition doe not toll statute of limitations under 28 U.S. § 2244(d)(2)). Where a petitioner's conviction became final before the AEDPA's effective date of April 24, 1996, and there is no pending petition for collateral relief that would toll the statute of limitations, the Second Circuit has held that the petitioner must file his federal habeas corpus petition within one year after the enactment of the AEDPA, or on or before April 24, 1997. See Ross v. Artuz, 150

3

F.3d 97, 102-03 (2d Cir. 1998).

A petitioner must also exhaust all available state remedies prior to filing a habeas petition in federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney General of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1982); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity. See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam). The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process. See id. Ordinarily, the exhaustion requirement has been satisfied if the federal issue has been properly and fairly presented to the highest state court either by collateral attack or direct appeal. See O'Sullivan, 526 U.S. at 843 (citing Brown v. Allen, 344 U.S. 443, 447 (1953)). "[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition." Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990).

The Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition. Second, he must "utilize[] all available mechanisms to secure appellate review of the denial of that claim." Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)). A petitioner must present his federal constitutional claims to the highest state court before a federal court may consider the merits of the claims. See Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan, 526 U.S. at 845.

4

Discussion

The petitioner raises two grounds in support of his petition: (1) he was not competent on the day he entered his plea of guilty to the larceny and burglary charges and (2) he was not competent on the day the "nolle" was entered by the State of Connecticut on the disorderly conduct charge. The petitioner states that he raised both claims in his amended petition for writ of habeas corpus filed in his state habeas case. The court addresses the second claim first.

I.   Disorderly Conduct Charge

The petitioner contends that in <u>State of Connecticut v. Powell</u>, CR-99-0277449, the state entered a nolle prosequi as to the charge of disorderly conduct against him. The petitioner argues that the he was coerced into agreeing to dispose of the charge with a nolle and was also "suffering from psychological malformation" at the time the state entered the nolle. Am. Pet. Writ Habeas Corpus at 8. The respondent argues that the that the court lacks jurisdiction over this claim because the petitioner was not in custody pursuant to the disorderly conduct charge at the time he filed this petition. In the alternative, the respondent argues that the petitioner has failed to exhaust his state court remedies as to this claim.

A prerequisite to filing a petition for a writ of habeas corpus in federal court for relief from a state court conviction is that the petitioner be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a); 28 U.S.C. § 2241 (c)(3); <u>Maleng v. Cook</u>, 490 U.S. 488, 491-92 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting 28 U.S.C. § 2241(c)(3)). "The first showing a [section] 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" <u>Lackawanna County District Attorney v.</u>

5

Cross, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng, 490 U.S. at 491-92 (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack. See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

The petitioner states that on May 1, 2000, the state entered a nolle prosequi as to a charge of disorderly conduct. Under section 39-31 of the Connecticut Practice Book, "[t]he entry of a nolle prosequi terminates the prosecution and the defendant shall be released from custody." The petitioner does not allege that he was convicted or sentenced on the charge of disorderly conduct on May 1, 2000, or at any subsequent time. The transcript from the plea and sentencing hearing on the burglary and larceny charges reflects that the prosecutor entered a nolle prosequi as to the disorderly conduct charge and the court did not impose a sentence on the plaintiff pursuant to that charge. (See Mem. Support Mot. Stay or Dismiss [doc. # 28], App. B at 14, 15.) The court concludes that the petitioner was not in custody pursuant to the disorderly conduct charge when he filed the present petition. Thus, the court does not have jurisdiction to consider the claim relating to the disorderly conduct charge. The claim is dismissed for lack of subject matter jurisdiction.[1]

II.   Larceny and Burglary Conviction

The respondent argues that the petitioner has failed to fully exhaust his state court remedies as to his claim concerning the May 1, 2000 conviction for larceny and burglary. In the alternative, the respondent argues that the claim should be dismissed because the state court

---

[1] Because the court has determined that it does not have subject matter jurisdiction over this claim, the court does not reach the exhaustion argument raised by the defendants.

6

rejected it on an adequate and independent state law ground.

The Second Circuit has held that "[t]o fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims 'to the highest court of the pertinent state.'" Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). Here, the petitioner did not appeal his conviction, the dismissal of the state habeas petition or the ruling denying his petition for certification to appeal the dismissal of the petition. The petitioner contends that he did not appeal the dismissal of his state habeas petition because a Superior Court Judge denied his application of waiver of fees to appeal. Pursuant to section 66-6 of the Connecticut Practice Book, a party may seek appellate review of the denial of an application for waiver of fees to appeal by filing a motion for review. See Conn. Prac. Book § 63-7 ("The sole remedy of any defendant desiring the court to review an order concerning the waiver of fees, costs and security of the appointment of counsel shall be by motion for review under Section 66-6). In addition, a party may appeal the denial of a petition for certification by a Superior Court to the Connecticut Appellate or Supreme Courts. See Conn. Prac. Book § 80-1; Gray v. Commissioner of Correction, 84 Conn. App. 515, 517, 854 A.2d 45, 47 (2004) ("when a habeas court denies a petition for certification to appeal, our threshold responsibility is to determine whether the court's denial constituted an abuse of discretion) (citation omitted). Because the petitioner did not attempt to file a motion for review of the denial of the application for waiver of fees or an appeal of the denial of the petition for certification with either the Connecticut Appellate Court or the Connecticut Supreme Court, the claim concerning his guilty plea is unexhausted. The court concludes that this claim must be dismissed because the plaintiff has failed to exhaust the claim by appealing any adverse decision in his state habeas proceeding to

7

the highest state court.[2]

## Conclusion

The second claim of the amended petition relating to the disorderly conduct charge is DISMISSED and the first claim in the amended petition relating to the burglary and larceny conviction is DISMISSED without prejudice.[3] The petitioner may refile his federal habeas petition as to the first claim after he has exhausted his state court remedies as to that claim.[4] The

---

[2] Although the respondent argues that this claim may also be dismissed on the ground that the state court rejected it on an adequate and independent state law ground, the court concludes that it is not clear that state court disposed of the claim on procedural grounds. In the petitioner's state habeas matter, the respondent filed a motion to dismiss on the ground that the petitioner's claims were procedurally defaulted. The court granted the motion in an endorsement. (See Mem. Law Opp'n Pet. Writ Habeas Corpus, App. at 4.) The state court's ruling on the petition for certification to appeal the dismissal of the habeas petition, however, includes a paragraph indicating that the court dismissed the petition on the merits. (See Pet Reply Mem. Opp'n Pet. Writ Habeas Corpus [doc. # 72], Ex. 3 at 2-3.) Based on these conflicting documents, the court cannot conclude that the state petition was dismissed on independent state law grounds.

[3] The court notes that the Second Circuit has cautioned the district courts not to dismiss a mixed petition containing exhausted and unexhausted claims where an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court. The Second Circuit advised the district court to stay the petition to permit the petitioner to complete the exhaustion process and return to federal court. See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'"). Zarvela is inapplicable to this case because this is not a mixed petition.

[4] The petitioner is on notice that there is now a one-year statute of limitations applicable to petitions for writs of habeas corpus filed in federal court by state prisoners. See 28 U.S.C. § 2244(d)(1)(A) (the limitations period begins to "run from the latest of -- the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (one-year statute of limitations set forth in § 2244(d)(1)(A) begins to run only after "the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or--if the prisoner elects not to file a petition for certiorari--the time to seek direct review via certiorari has expired"). The one-year limitations period may be tolled during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.

8

pending Motions [docs. ## 67, 68, 71] are DENIED as moot.

The court determines that the amended petition presents no question of substance for appellate review, and that the petitioner has failed to make a "substantial showing" of denial of a federal right. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriguez v. Scully, 905 F.2d 24 (2d Cir. 1990). Thus, a certificate of appealability will not issue. The Clerk is directed to enter judgment and close this case.

SO ORDERED this 1st day of OCTOBER, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge

---

2244(d)(2). In addition, the Second Circuit has held that the limitations period may be equitably tolled. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (adopting the position that "the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period"). The filing of a federal habeas petition, however, does not toll the running of the one-year limitations period for filing a federal habeas petition. See Duncan v. Walker, 533 U.S. 167, 181 (2001).

9