EXHIBIT

(P): Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus. Dated: January 27, 2004. By, James A. Killen, Sr. Assistant State's Attorney (Respondent)

Contain 13. Pages

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLIFTON POWELL,
Petitioner

CIV. NO. 3:01CV2306(AVC)

JOHN J. ARMSTRONG,
Respondent

JANUARY 27, 2004

FILED
2004 JAN 27 A 10: 58

## MEMORANDUM OF LAW IN OPPOSITION TO PETITION FOR A WRIT OF HABEAS CORPUS

**PROCEDURAL HISTORY.**

In 1999, the petitioner was charged in the Connecticut superior court for the judicial district of Waterbury with one count of third degree burglary, one count of attempted second degree larceny, one count of third degree assault and one count of third degree criminal mischief. The petitioner entered pleas of guilty to the burglary and larceny charges and the state entered a *nolle prosequi*[1] on the assault and criminal mischief charges. The state also entered a *nolle* in a separate criminal file charging the petitioner with disorderly conduct. On May 1, 2000, the petitioner was sentenced for the burglary and larceny convictions to a total effective sentence of seven years incarceration, execution suspended after four years, with three years probation.

The petitioner did not appeal. However, in November 2000, the petitioner filed a petition for a writ of habeas corpus in the Connecticut superior court for the judicial district of Danbury (hereinafter, "state habeas court"). Counsel was appointed initially for the petitioner in state habeas court but, upon the petitioner's own motion, counsel withdrew and the petitioner represented himself. In his state habeas petition, the petitioner alleged that his incarceration was unlawful due

---

[1] Under Connecticut law, a *nolle prosequi* has the same effect as a dismissal of the charge. See *infra*.

prosecutorial misconduct. He further alleged that his guilty pleas were invalid becasue he was suffering from a mental illness at the time of the plea, that he was taking medication which interfered with his ability to understand the proceedings, and that his illness and medication interfered with his ability to assist in his defense.

The respondent filed a motion to dismiss the state habeas petition, claiming that the petitioner was not entitled to state habeas review because he did not raise his state habeas claims in a timely fashion before the trial court or on direct appeal, thereby resulting in procedural defaults at both levels. The respondent's motion further noted that the petitioner had failed to allege any "cause and prejudice" sufficient to excuse these defaults under state habeas law, citing Jackson v. Commissioner of Correction, 227 Conn. 124 (1993)(appellate default) and Johnson v. Commissioner, 218 Conn. 403 (1991)(trial default). See Appendix. On September 7, 2001, the state habeas court granted the respondent's motion and dismissed the petition. On September 24, 2001, seventeen days after dismissal, the petitioner filed a petition for certification to appeal the state habeas court's dismissal and a motion for waiver of fees to pursue an appeal. The state habeas court denied the petitioner's untimely petition for certification[2] and also denied the motion for waiver of fees. The respondent is presently unaware of any attempt by the petitioner to appeal the state habeas court's ruling, as permitted by state law under Simms v. Warden, 230 Conn. 608, 646 126 A.2d (1994), notwithstanding the state habeas court's denial of certification,[3] or of any attempt by the petitioner

---

[2]Pursuant to Connecticut General Statutes § 52-470(b), a petition for certification to appeal a state habeas court's ruling must be filed within ten days after the case is decided.

[3]In Simms, the Connecticut Supreme Court ruled that a denial of a petition for certification to appeal a state habeas court's judgment under Connecticut General Statutes § 52-470(b) does not preclude an appeal, but does require a petitioner to show an abuse of discretion by the habeas court in denying certification prior to an appellate court considering the appellate claims on their merits.

move for review of the state habeas court's denial of the motion for waiver of fees, as permitted by Connecticut Practice Book § 66-6. See Cortes v. Cotten, 31 Conn. App. 569, 570 n.2 (1993).

## ARGUMENT

**A. Although The Petitioner Has Not Satisfied The Exhaustion Requirement With Respect To His First Federal Claim, This Claim Should Be Rejected On The Grounds That, Because The Last State Court To Address This Claim Concluded That It Was Procedurally Defaulted, There Is An Adequate And Independent State Law Ground For Rejecting The Claim.**

The petitioner's first claim is that his state court judgments of conviction are invalid because he allegedly was "incompetent at the time of [his] conviction." Amended Federal Petition at 6. The federal petition also alleges, as part of Claim One, that his conviction "was obtain[ed] by a coerce[d] confession," a claim which the respondent presumes also relies on the allegation that he was mentally incompetent at the relevant times. Id.

As an initial matter, it is the respondent's position that the petitioner's first claim has not met the exhaustion requirement of 28 U.S.C. § 2254(b). A claim is not "exhausted" unless it has been presented to the highest state court. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999); Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990); Daye v. Attorney General, 696 F.2d 186, 190 n.3 (2d Cir. 1982). "[H]abeas corpus petitioners bear the burden of demonstrating that they have exhausted state remedies." Allen v. County Court, Ulster County, 568 F.2d 998, 1012 n.9 (2d Cir. 1977) rev'd on other grounds, 442 U.S. 140 (1979); United States ex rel. Cuomo v. Fay, 257 F.2d 438, 442 (2d Cir. 1958), cert. denied, 358 U.S. 935 (1959); Colon v. Johnson, 19 F.Supp.2d 112, 119-20 (S.D.N.Y. 1998) and cases cited therein.[4] In the present case, although the respondent

---

[4]Although the United States Supreme Court had previously indicated that a petition which contains unexhausted claims should be dismissed in its entirety; Rose v. Lundy, 455 U.S. 509, 102

3

sumes (for purposes of this memorandum only) that first claim which the petitioner raises in the instant petition is intended to mirror the mental illness and medication claims raised in his state habeas petition, he never appealed the state habeas court's judgment to the highest state court. While the petitioner further alleges in his federal petition that he did not do so because the state judge "denied the waiver of fee[s] when I was indigent and incarcerated", there is no indication in the record that the petitioner sought review of that denial, as permitted under state law. Connecticut Practice Book § 66-6; see Cortes v. Cotten, 31 Conn. App. at 570 n.2. See also O'Sullivan v. Boerckel, 119 S.Ct. At 1732-33 (exhaustion requires petitioner to avail himself of any and all avenues by which to present claim to highest state court).

Nevertheless, while it should be stressed that the respondent is not waiving the exhaustion requirement, the respondent submits that this is one of the rare cases in which it may be appropriate for a federal habeas court to deny the habeas corpus petition, notwithstanding the failure of the petitioner to meet the exhaustion requirement. 28 U.S.C. § 2254(b)(2). This is because it is clear that, as expressly determined by the state habeas court, an adequate and independent state law ground bars federal habeas relief. Specifically, by granting the respondent's motion to dismiss, which was based solely upon procedural default, the state habeas court ruled that the petitioner had forfeited, under state law, his right to further review of his defaulted claims in the absence of any attempt to demonstrate legally sufficient "cause and prejudice" or that a "miscarriage of justice" would result.

---

S.Ct. 1198 (1982); the Second Circuit has indicated that a federal habeas petition containing unexhausted claims should be stayed, conditioned "on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a retrun to the district court after exhaustion is completed, also within a limited period, normally 30 days." Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001). "If either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed" unless the petitioner still has time remaining in the statute of limitations. Id.

The Supreme Court has held that a federal district court should not address a federal claim by a state prisoner in a habeas corpus action if the state court has decided the issue on a state law ground that is independent of the federal question and adequate to support the judgment. Edwards Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-54 (1991). "This rule applies whether the state law ground is substantive or procedural." Id. In fact, a petitioner's failure to comply with legitimate state court procedures regarding the timely assertion, or pursuit, of a claim is precisely the type of "adequate and independent" state law ground addressed by Coleman, which declared that, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 111 S.Ct. at 2565.

When a state court declines to address a prisoner's claims on the basis of an "independent and adequate state ground," federal habeas review of those claims is also barred unless the prisoner can demonstrate that "cause" exists to excuse the default and that sufficient "prejudice" would result from the denial of federal review. Coleman, 111 S.Ct. at 2564. See Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639 (1986); Engle v. Issac, 456 U.S. 107, 102 S.Ct. 1558 (1982); Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497 (1977); Roman v. Abrams, 822 F.2d 214, 222 (2d Cir. 1987); Stepney v. Lopes, 760 F.2d 40, 44 (2d Cir. 1985). Federal habeas review also may be extended, notwithstanding a petitioner's inability to show cause, in an "extraordinary case" where the failure

5

do so would result in a fundamental miscarriage of justice.[5] Coleman, 111 S.Ct. at 2564; Murray, 106 S.Ct. at 2650.

In the present case, in denying the petitioner's attempt to bring this claims in the state habeas proceeding, the state habeas court expressly relied upon his failure to comply with state law requiring that he raise such claims in a timely fashion at the original criminal trial or on direct appeal. Jackson v. Commissioner of Correction, *supra*; Johnson v. Commissioner of Correction, *supra*. Furthermore, the petitioner made no attempt to demonstrate cause and prejudice or a miscarriage of justice in the

---

[5] The "fundamental miscarriage of justice" exception applies to those cases where a constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991); Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986); Murray v. Carrier, 477 U.S. 478, 495-96, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

state habeas court, nor does he attempt to do so in his federal petition.[6] Accordingly, the petitioner is not entitled to federal habeas corpus relief on his first claim.

> B. **Although The Petitioner Has Not Satisfied The Exhaustion Requirement With Respect To His Second Federal Claim, This Claim Should Be Rejected On The Grounds That This Court Is Without Jurisdiction To Consider It Because He Is Not In State Custody As The Result Of The Nolled Charge Of Which He Complains.**

As his second claim, the petitioner alleges that "a charge of disorderly conduct was nolle[d] when I was coerce[d] through the course of the proceeding. And I did not have a sound state of mind the law require[s]." Amended Federal Petition at 8. As with the first claim, it does not appear that this petitioner has satisfied the exhaustion requirement in that there is no indication that the

---

[6] It must be stressed that, although the Connecticut Supreme Court adopted, for their own state habeas courts, the same type of "cause and prejudice" and "miscarriage of justice" standards first drafted by the United States Supreme Court for the federal habeas courts, a Connecticut habeas court's determination that the petitioner failed to meet the state standard would present a question of state law only. Thus, after a state habeas court determines, as in this case, that (1) there was a state procedural default and (2) the petitioner failed to allege or meet the state standard of cause and prejudice to excuse that default and permit *state* habeas review, a federal court may still go on to determine whether the state court's ruling that there was a procedural default under state law nevertheless should be enforced under the *federal* "cause and prejudice" or "miscarriage of justice" standard to permit *federal* habeas review, notwithstanding the state procedural default.

The respondent would also agree that a federal court, when deciding whether the federal cause and prejudice standard has been met, is not necessarily bound to adopt the state habeas court's determination that the *state* cause and prejudice standard was not met (because one involves a question of state law and the other involves a question of federal law). However, the fact that the petitioner has available a state court forum in which to litigate factual issues relating to cause and prejudice under either standard and obtain state habeas review if successful, indicates that he should be required to exhaust any allegations supporting a claim of cause and prejudice (or miscarriage of justice) in the Connecticut state habeas courts before attempting to make such claims for the first time in a federal petition. See 28 U.S.C. § 2254(c)) (exhaustion requirement not met if petitioner has the opportunity to litigate the question presented by any available state procedure).

In the present case, as noted above, this petitioner has, as yet, made no attempt to allege cause and prejudice in either the state habeas court or the federal habeas petition. Nevertheless, should he attempt to do so in response to this memorandum of law, the respondent intends to squarely raise his failure to exhaust his claims of cause and prejudice in state habeas court as a basis for dismissing or staying the instant petition. See Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001).

7

petitioner ever brought this claim in state court, let alone presented in to the highest state court. Nevertheless, because it is clear that this Court does not have subject matter jurisdiction over the petitioner's second claim, the respondent submits that it should be dismissed on those grounds.[7]

28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). In Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923 (1989), the Supreme Court held that a federal habeas court lacks subject matter jurisdiction to entertain a petition if, at the time of the petition's filing, the petitioner is not "in custody" as a result of the conviction under attack. Maleng, 109 S.Ct. at 1925, 1927. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it." Maleng, 109 S.Ct. at 1926.

In the present case, the petitioner seeks to challenge a state charge for which a *nolle prosequi* was entered. Under Connecticut law, the entry of a *nolle* terminates the prosecution of, and the defendant is released from custody on, the nolled charge. Connecticut Practice Book § 39-31; see also Cislo v. City of Shelton, 240 Conn. 590 (1997). Because the entry of the nolle on the disorderly conduct charge, which occurred prior to the filing of the instant petition, resulted in the petitioner's release from custody on that charge, this Court is without jurisdiction to consider the petitioner's habeas challenge to that charge in his federal habeas petition.

---

[7] As with the first claim, the respondent does not intend to waive the exhaustion requirement in the event that this Court should reject the respondent's challenge to subject matter jurisdiction over the second claim.

Respectfully submitted,

RESPONDENT

By: _____
JAMES A. KILLEN
Sr. Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT 06067
Federal Bar No. ct 02058

## **CERTIFICATION**

I hereby certify that a copy of this document was mailed to Mr. Clifton Powell, 260 Wolcot Street, Waterbury, CT 06705 on January 27, 2004.

_____
JAMES A. KILLEN
Sr. Assistant State's Attorney

9

| | | |
|---|---|---|
| DOCKET NUMBER: CV00-0341885 | : | SUPERIOR COURT |
| CLIFTON POWELL,<br>Petitioner | : | JUDICIAL DISTRICT OF |
| V. | : | DANBURY |
| WARDEN,<br>Respondent | : | SEPTEMBER 7, 2001 |

## MOTION TO DISMISS

Pursuant to Practice Book § 23-29(1) and (2), the respondent now move to dismiss the Petition for Writ of Habeas Corpus dated November 14, 2000, in the instant habeas corpus proceeding. The petitioner has failed to file an amended petition by September 7, 2001, in spite of the court's previous order. As such, the Respondent files this, its Motion to Dismiss in response to the original pro se petition. A memorandum of law, which more fully sets forth the respondent's argument, accompanies this motion.

I.   HISTORY OF PROCEEDINGS

In the matter of <u>State v. Clifton Powell</u>, Docket No: CR99-0277329T, Superior Court in the judicial district of Waterbury, the petitioner pleaded guilty to one count of Attempted Larceny in the Second Degree and one count of Burglary in the Third Degree in violation of General Statutes § 53a-123 and § 53a-103 respectively. Nolles were entered on one count of Assault in the Third Degree and one count of Criminal Mischief in the Third Degree. Thereafter, on May 1, 2000, the petitioner was sentenced to a total effective sentence of seven (7) years execution suspended after four (4) years with two (2) years probation. The petitioner represented himself during the underlying criminal case. There was no appeal. Subsequently, in November of 2000, the petitioner filed a pro

FILED
SEP 07 2001
SUPERIOR COURT
AT DANBURY

se petition for writ of habeas corpus with this court and initiated the instant proceedings. Counsel appointed to represent the petitioner withdrew based on a motion filed by the petitioner and granted by the court. The petitioner thus appears pro se in this proceeding.

## II. ARGUMENT

In his Petition dated November 14, 2000, the petitioner raises several separate counts in which he articulates numerous claims. The petitioner alleges that his incarceration is unlawful due to prosecutorial misconduct. He also claims that his incarceration is unlawful due to a faulty plea in this matter as he was suffering from a mental illness at the time of the plea; was taking medication that interfered with his ability to understand the proceedings; and said illness and medication made him unable to assist in his defense.

The respondent has filed this motion to dismiss, in which it alleges that the petitioner is not entitled to habeas review because he did not raise his claims "before the trial court or on direct appeal. Thus, the claim is procedurally defaulted. Moreover, the petitioner cannot establish 'cause' for the procedural default and 'prejudice' sufficient to excuse the default and permit review of the claim for the first time in this habeas corpus proceeding. See Jackson v. Commissioner of Correction, 227 Conn. 124, 639 A.2d 413 (1993) (default on appeal); Johnson v. Commissioner of Correction, 218 Conn. 403, 589 A.2d 1214 (1991) (default at trial)"

Practice Book § 23-29 provides that:

The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

- 2 -

Respectfully submitted,

RESPONDENT

By: _____
DAVID A. GULICK
Assistant State's Attorney
State's Attorney's Office
400 Grand Street
Waterbury, Connecticut 06702
(203) 236-8130
Fax No: (203) 236-8155
Juris No. 414937

## ORDER

Having reviewed the respondent's motion for summary judgment, the Court now orders that:

~~The motion is hereby GRANTED.~~

~~_____~~

Dated at Danbury on Sept 7, ~~8~~ 2001

The Motion is Granted and the matter is ordered DISMISSED

BY THE COURT (Carroll, J.)
_____
Judge/Assistant Clerk

## CERTIFICATION

I hereby certify that a copy of this document was hand delivered, and sent first class mail, postage prepaid to: Clifton Powell, Pro Se, Inmate No: 147799, Garner Correctional Institution, 50 Nunnawauk Road, P.O. Box 5500, Newtown, Connecticut 06470, on this 7th day of September, 2001.

*[signature]*

DAVID A. GULICK
Commissioner of the Superior Court

STATE OF CONNECTICUT
SUPERIOR COURT
JUDICIAL DISTRICT OF
DANBURY

JAN -7 2003

CERTIFIED COPY
SEAL AFFIXED
*[signature]* CLERK