UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CLIFTON POWELL

    V.

JOHN J. ARMSTRONG

PRISONER
CASE NO. 3:01CV2306 (AVC)

### RULING AND ORDER

Pending before the court is petitioner's motion for relief from judgment. For the reasons set forth below, the motion is denied.

On October 1, 2004, the court issued a ruling and order dismissing claim two of the amended petition and dismissing claim one of the amended petition without prejudice because the petitioner had failed to exhaust his state court remedies. The court informed the petitioner that he could re-file his habeas petition after he had exhausted his state court remedies as to the first claim in the amended petition. The Clerk entered judgment for the respondent on October 8, 2004. On October 19, 2004, the petitioner filed a notice of appeal. On November 2, 2004, the petitioner filed a motion to set aside the judgment on the ground that he had exhausted his state court remedies as to first claim of the amended petition. On February 22, 2005, the United States Court of Appeals for the Second Circuit denied and dismissed the petitioner's motion for certificate of

appealability with prejudice. On August 12, 2005, this court denied the petitioner's motion to set aside the judgment.

On October 5, 2005, the petitioner filed the present motion to set aside the judgment. He now claims that the judgment entered in this case should be vacated because the respondent failed to file his memorandum in opposition to the amended petition for writ of habeas corpus in a timely manner.

The docket sheet reflects that Attorney Michael O'Hare, Supervisory Assistant State's Attorney, filed an appearance for the respondent in July 2002. On January 20, 2004, Attorney James Killen, Senior Assistant State's Attorney, filed a motion for extension of time to file a memorandum in response to the second amended petition. At that time, Attorney Killen had not filed an appearance for the respondent. The Clerk granted the motion for extension of time and Attorney Killen filed a memorandum in response to the amended petition on January 27, 2004. Attorney Killen did file an appearance on behalf of the respondent two days later on January 29, 2004.

The plaintiff contends that the court should have defaulted the respondent for failure to plead because the memorandum in opposition to the amended petition was not filed in a timely manner due to the fact that the respondent's attorney of record did not move for an extension of time to file the memorandum. The plaintiff argues that the court should vacate the judgment entered in this action, strike the memorandum in opposition to

the amended petition and default the respondent for failure to plead.

Decisions regarding the entry of default or default judgment and relief from the same under Rule 55(c) are left to the sound discretion of a district court . . . ." <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95 (2d Cir. 1993). In general, courts disfavor the remedy of default. <u>Id.</u> at 96. "The circumscribed scope of the district court's discretion in the context of a default is a reflection of [the] oft-stated preference for resolving disputes on the merits." <u>Id.</u> at 95. <u>See also</u> <u>Traguth v. Zuck</u>, 710 F.2d 90, 94 (2d Cir. 1983) (policy favors the resolution of disputes on the merits); <u>Meehan v. Snow</u>, 652 F.2d 274, 277 (2d Cir. 1981) ("doubts are to be resolved in favor of a trial on the merits").

It is apparent to the court that Attorney Killen's failure to file an appearance in this action prior to his filing of a motion for extension of time to submit a memorandum in opposition to the amended petition was not intentional, but inadvertent. The docket sheet reflects that he corrected his mistake and filed an appearance in the action nine days after he filed the motion for extension of time. In view of the policy favoring the resolution of claims on the merits, the court declines to vacate the judgment in this matter and default the respondent for failure to plead. Accordingly, the Motion for Relief From

3

Judgement [**doc. # 81**] is **DENIED**.

SO ORDERED at Hartford, Connecticut this 13th day of April, 2006.

_____
Alfred V. Covello
United States District Judge