UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFTON POWELL | |
| | PRISONER |
| V. | CASE NO. 3:01CV2306 (AVC) (TPS) |
| JOHN J. ARMSTRONG | |

### RULING ON PENDING MOTIONS

Pending before the court are petitioner's motions to strike and to indict Judge Alfred V. Covello. For the reasons set forth below, the motions are denied.

On October 1, 2004, the court issued a ruling and order dismissing claim two of the amended petition and dismissing claim one of the amended petition without prejudice because the petitioner had failed to exhaust his state court remedies. The court informed the petitioner that he could re-file his habeas petition after he had exhausted his state court remedies as to the first claim in the amended petition. The Clerk entered judgment for the respondent on October 8, 2004. On October 19, 2004, the petitioner filed a notice of appeal. On February 22, 2005, the United States Court of Appeals for the Second Circuit denied and dismissed the petitioner's motion for certificate of appealability with prejudice. The court has previously denied four motions to reopen filed by petitioner.

Petitioner now seeks to have the court strike the Memorandum [**doc. # 65**], filed on January 27, 2004, in opposition to the amended petition for writ of habeas corpus. Petitioner claims that the certification attached to the memorandum was deficient because it did not list Assistant State's

Attorney Michael O'Hare who had appeared for the respondent. Rule 5(c) of the Rules of the United States District Court for the District of Connecticut provides that if "proof of service is made by certificate . . . the certificate . . . shall list the name and address of each person served . . . ." Assistant State's Attorney Killen also represented the respondent.[1] The only person that Attorney Killen intended to serve with a copy of his memorandum in response to the amended habeas petition, was petitioner Powell. Pursuant to Rule 5(c), D. Conn. L. Civ. R., the only name and address required to be included on the certificate of service was Mr. Powell's. As the certificate of service attached to the memorandum in opposition to the amended petition listed Mr. Powell and his address, it was not deficient. The motions to return the memorandum, to strike the memorandum and to strike any documents filed after the filing of the memorandum are denied.

Petitioner has also filed two motions containing requests that Judge Covello be indicted on perjury charges. There is no basis in any of the motions for plaintiff's claims of falsification of documents. Furthermore, "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973). Accordingly, the motions seeking indictment are denied with prejudice.

**Conclusion**

The Motion [**doc. # 93**] to strike Document 65 and all documents filed after Document 65, the "Direct Motion for Order Returning Submission on Docket 65" [**doc. # 99**] and the "Notice of Damage And Motion For Judgement And to Strike All Docket's After Number 65" [**doc. # 92**] are **DENIED**. The Motions for Indictment on Charges of Perjury [**docs. ## 97, 98**] are **DENIED** with

---

[1] The court has already addressed the fact that Assistant State's Attorney Killen inadvertently failed to file his Appearance before he filed the memorandum in opposition to the petition. (See Ruling and Order, Doc. #83.)

prejudice.

      SO ORDERED at Hartford, Connecticut this <u>21st</u> day of January, 2009.

                                        /s/
                                        Thomas P. Smith
                                        United States Magistrate Judge